■ ZELJKO VESLIGAJ, Appellant, v PMT FORKLIFT CORPORATION, Defendant and Third-Party Plaintiff-Respondent, and NISSAN MOTOR CO., LTD., Respondent. ACTION MOLD & DYE CO. et al., Third-Party Defendants-Respondents. [634 NYS2d 543] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 1, 1994, as granted the motion of the defendant PMT Forklift Corporation for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issue of fact *(see, Alvarez v Prospect*

*Hosp.*, 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851; *Zuckerman v City of New York*, 49 NY2d 557). Once this showing has been made, the burden shifts to the party opposing the motion to produce evidentiary proof in admissible form sufficient to establish the existence of a material issue of fact which requires a trial of the action *(see, Alvarez v Prospect Hosp., supra; Zuckerman v City of New York, supra).*

In the case at bar, the plaintiff was injured when the forklift which he was operating overturned. The plaintiff alleged, *inter alia,* that the failure of PMT Forklift Corporation (hereinafter PMT) to equip the forklift with safety devices known as an "accelerator stop" and a "governor" was a contributing cause of his accident. However, the defendant demonstrated that the forklift was equipped with these devices when it was sold to the plaintiff's employer approximately 10 months before the date of the accident. The plaintiff's opposition failed to rebut this defense or raise any material issues of fact with respect thereto by proof in admissible form. Accordingly, PMT satisfied the prima facie showing required to warrant judgment in its favor as a matter of law *(see, Alvarez v Prospect Hosp., supra,* at 324).

We have considered the appellant's remaining contentions and find them to be without merit. Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.